CASE NO. 21-1352

IN THE UNITED STATE COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

NANCY MARTINEZ,

                 Plaintiff - Appellant,

     v.

ALLSTATE INSURANCE COMPANY,

                 Defendant-Appellee.

_____

On Appeal from the United States District Court
For the District of Colorado
The Honorable Judge Daniel D. Domenico
D.C. No. 1:20-CV-00659-DDD-NRN
_____

**APPELLEE'S ANSWER BRIEF**
_____

Rebecca K. Wagner, #33473
Robert A. Zahradnik-Mitchell, #50307
Joel A. Richardson, #36805
Campbell, Wagner & Frazier, LLC
5251 DTC Parkway, Suite 400
Greenwood Village, CO 80111
Telephone: (303) 831-5990
*Attorneys for the Defendant/Appellee*

Oral Argument is Not Requested

## <u>CORPORATE DISCLOSURE STATEMENT</u>

Pursuant to Federal Rule of Appellate Procedure 26.1, the undersigned counsel for Defendant/Appellee ("Allstate" or "Defendant") certifies the following listed parties have a direct, pecuniary interest in the outcome of this case:

1.     Parent Companies:  Allstate Insurance Company, which is an Illinois insurance company. Allstate Insurance Company is a wholly owned subsidiary of Allstate Insurance Holdings, LLC, which is a Delaware limited liability company. Allstate Insurance Holdings, LLC is a wholly owned subsidiary of The Allstate Corporation, a Delaware corporation.

2.     Subsidiaries Not Wholly Owned:  Allstate does not have any subsidiaries which     fall into this category.

3.     Publicly Held Companies:  No publicly held entity owns 10% or more of the stock of The Allstate Corporation.

*<u>s/ Joel A. Richardson</u>*

# <u>TABLE OF CONTENTS</u>

STATEMENT OF PRIOR OR RELATED APPEALS.................................7

STATEMENT OF JURISDICTION .................................................8

STATEMENT OF THE ISSUES.................................................9

STATEMENT OF THE CASE .................................................11

  A.  Summary of Relevant Facts .................................................11

  B.  Procedural History.................................................19

SUMMARY OF THE ARGUMENT .................................................20

STANDARD OF REVIEW.................................................23

RESPONSE TO ARGUMENT ON APPEAL .................................................24

  A.  The Plaintiff's Complaint Fails to State a Claim for which Relief can be Granted for Fraud.................................................26

    1.  Plaintiff Failed to Plead Factual Allegations Sufficient to Prove She Is Entitled to Relief for Fraud Based on Deceit, and Her Claim Should Fail as a Matter of Law .................................................26

    2.  Plaintiff's Fraud Claim is Otherwise Barred by the Applicable Statute of Limitations .................................................31

    3.  Magistrate Neureiter and Judge Domenico's Rulings.............33

  B.  Plaintiff Failed to Plead Factual Allegations Sufficient to Show She Is Entitled to Relief for Civil Conspiracy.................................................36

  C.  Plaintiff Failed to State a Claim for Breach of Fiduciary Duty.....37

  D.  Plaintiff's Claim for Breach of Contract Is Barred by the Statute of Limitations .................................................38

  E.  The Plaintiff's Claims for Bad Faith Breach of Insurance Contract & Statutory Bad Faith Were Untimely .................................................40

F. The Plaintiff's Negligence Claim Was Properly Dismissed for Failure to State a Claim Upon Which Relief can be Granted ............. 42

CONCLUSION ....................................................................... 44

**Attachments pursuant to 10th Cir. Rule 28.2(A)**;

1.    REPORT AND RECOMMONDATION ON DEFENDANT ALLSTATE'S MOTION FOR JUDGMENT ON THE PLEADINGS    48

2.    ORDER ADOPTING REPORT AND RECOMMENDATION, GRANTING JUDGMENT ON THE PLEADINGS, AND DISMISSING CASE    61

3.    FINAL JUDGMENT    70

# TABLE OF AUTHORITIES

<u>Cases</u>

*Alvarado v. KOB–TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007) ........22

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................... 23, 26, 33, 43

*Bailey v. Allstate Ins. Co.*, 844 P.2d 1336, 1339 (Colo. App. 1992).........36

*Bankruptcy Estate of Morris v. COPIC Ins. Co.*, 192 P.3d 519 (Colo. App. 2008) .................................................................................... 41

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ................. 23, 33, 43

*Bristol Bay Prods., LLC v. Lampack*, 312 P.3d 1155, 1160 (Colo. 2013)28

*Brodeur v. Am. Home Assurance Co.*, 169 P.3d 139, 152 (Colo. 2007)..36, 39

*Corder v. Lewis Palmer Sch. Dist. No. 38*, 566 F.3d 1219, 1223–24 (10th Cir. 2009) ................................................................................ 22

*Cork v. Sentry Ins.*, 194 P.3d 422, 427 (Colo. App. 2008) .......................39

*Dann v. Perrotti & Hauptman Dev. Co.*, 670 P.2d 448, 451 (Colo. App. 1983) .................................................................................... 28

*In re Qwest Commc'ns Int'l, Inc. Sec. Litigation*, 387 F. Supp. 2d 1130, 1153 (D. Colo. 2005) ............................................................. 21

*Jet Courier Service, Inc. v. Mulei*, 771 P.2d 486, 502 (Colo. 1989).........34

*Jordan v. City of Aurora*, 876 P.2d 38, 43 (Colo. Ct. App. 1993)......20, 41

*Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2000) .....25, 28

*Marquez v. Cable One, Inc.*, 463 F.3d 1118, 1121 (10th Cir. 2006)........33

*Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994).......................43

*Nelson v. State Farm Mut. Auto. Ins. Co.*, 419 F.3d 1117, 1119 (10th Cir. 2005) .................................................................................... 23

*Observatory Corp. v. Daly*, 780 P.2d 462, 465 (Colo. 1989) ...................41

*Olson v. State Farm Mut. Auto. Ins. Co.*, 174 P.3d 849, 855 (Colo. App. 2007) .................................................................................... 29

*Stoesz v. State Farm Mut. Auto. Ins. Co.*, 410 P. 3d 583, 586 (Colo. App. 2015) .................................................................................... 38

*TON Servs., Inc. v. Qwest Corp.*, 493 F.3d 1225, 1236 (10th Cir. 2007) 22

*Wardcraft Homes, Inc. v. Emplrs Mut. Cas. Co.*, 70 F. Supp. 3d 1198, 1213 (D. Colo. September 29, 2014) .................................................... 39

*Williams v. Meese*, 926 F.2d 994, 997 (10th Cir. 1991) ................... 33, 43

*Yates v. Portofino Real Estate Props. Co., LLC*, 2009 U.S. Dist. LEXIS 73427, *8 (D. Colo. August 17, 2009) ................................................... 25

## Statutes

28 U.S.C. § 1291 .............................................................................. 6

28 U.S.C. § 1441 .............................................................................. 6

28 U.S.C. § 1446 .............................................................................. 6

Colo. Rev. Stat. § 13-80-101 ........................................ 7, 19, 29, 31, 37

Colo. Rev. Stat. § 13-80-108 ............................................... 29, 31, 39

Colo. Rev. Stat. §13-80-102 ................................................. 8, 20, 39, 40

Colo. Rev. Stat. §13-80-107.5 .............................................. 8, 20, 37, 38

## Rules

Fed. R. Civ. P. 12(b)(6) ................................................................... 22

Fed. R. Civ. P. 12(c) ................................................................... 7, 22

Fed. R. Civ. P. 9(b)................................................................. 7, 19, 24

## **STATEMENT OF PRIOR OR RELATED APPEALS**

There are no prior or related appeals in this Court. Plaintiff appealed an action to the Colorado Court of Appeals in Nancy J. Martinez v. Paul Novak Agency for Allstate Insurance, 20CA1981, from the Jefferson County District Court for the State of Colorado case of the same name, No. 20CV70, based on many of the same underlying facts and arguments addressed herein.

## STATEMENT OF JURISDICTION

*The district court's subject-matter jurisdiction.* Allstate submits that the district court had federal subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446, based on diversity of citizenship and the amount in controversy.

*This Court's jurisdiction.* This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, as Plaintiff/Appellant herein filed her Notice of Appeal on October 12, 2021, and it addresses a final decision from the United States District Court for the District of Colorado, Judge Domenico's Order and Judgment entered on September 30, 2021.

## STATEMENT OF THE ISSUES

Defendant disagrees with Plaintiff's Statement(s) of Issues on Appeal for lack of clarity (*see* Opening Brief "Op. Br." at pp. 9-16), and submits the following Statement of Issues Presented for Review:

The issue to be addressed is whether, based on the specific allegations in the operative complaint (Record on Appeal ["ROA"], Vol. II, at 22-39, U.S.D.C. Docket number ["Dkt"], 1-30, Amended Complaint and Cover Sheet with attachments, "the Complaint"), the trial court correctly determined that Plaintiff failed to state any claim upon which relief could be granted and dismissed Plaintiff's case pursuant to Federal Rule of Civil Procedure 12(c).

More specifically, as to each of the claims for relief asserted by Plaintiff, was Judge Domenico correct in determining:

1.    That Plaintiff's fraud claim failed to meet the standards articulated under Fed. R. Civ. P. 9(b) and was time-barred by Colorado's three-year statute of limitations, Colo. Rev. Stat. § 13-80-101(1)(c), because the alleged fraud took place in 2011, the accident and denial of benefits occurred in 2014, and Ms. Martinez did not file suit until October 2019;

2.      That Plaintiff's claim for breach of fiduciary duty fails as a matter of law, because Colorado law recognizes no fiduciary relationship between an insured and insurer in a first-party context;

3.      That Plaintiff's Breach of Contract claim for underinsured motorist ("UIM") benefits was time-barred under Colo. Rev. Stat. §13-80-107.5, because the accident and denial of benefits occurred in 2014, and she did not file her Complaint until October 2019, outside of the three-year limitations period, which was not otherwise extended;

4.      That Plaintiff's Common Law and statutory bad faith claims were time-barred under Colo. Rev. Stat. §13-80-102(1)(a), because she brought suit more than two years after Allstate denied her claims;

5.      That her negligence claim was not legal cognizable, given that Colorado law does not recognize negligence claims against insurers in first-party cases and the standards applicable in bad faith insurance claims; and

6.      That Plaintiff's civil conspiracy claim failed as a matter of law for Plaintiff's failure to allege facts sufficient to establish the elements of the claim and for lack of an underlying predicate claim.

## STATEMENT OF THE CASE

### A. Summary of Relevant Facts

The underlying lawsuit arises out of a January 22, 2014 motor vehicle accident.  The Plaintiff alleges she was crossing a walkway in her electric scooter when she was hit by a motor vehicle being driven by Donald Hernandez.  Plaintiff was injured in the accident.  Op. Br., pp. 4 & 5.  Pursuant to the allegations in Plaintiff's Amended Complaint and Cover Sheet "the Complaint" (ROA, Vol. II, at pp. 22-39), the operative pleading, Plaintiff made a claim for benefits to Allstate in March 2014, and Allstate denied her claim for UM/UIM benefits in July 2014.  She later settled with Mr. Hernandez in October 2017, but she did not file this suit until October 18, 2019.

As appropriate for the evaluation of a motion for judgment on the pleadings, the following factual allegations are taken from the Complaint filed on October 18, 2019 based on Allstate's understanding of Plaintiff's claims and reasonable inferences. Plaintiff alleges that:

1. Allstate directed Plaintiff to serve the district court complaint on the wrong person; (ROA, Vol. II, at p. 23, 2nd full paragraph);

2. Paul Novak and Paula Perdue worked for Allstate and committed fraud (*Id.*);

3. Plaintiff was hit by a vehicle driven by Donald Hernandez on January 22, 2014, while crossing a crosswalk in an electric scooter (*Id.* at p. 24, ¶1);

4. Plaintiff has been disabled since 1999 (*Id.*);

5. The accident occurred on 77th and Wadsworth, in Arvada, Colorado (*Id.*);

6. The accident occurred in Jefferson County, where the Plaintiff lives (*Id.*);

7. Plaintiff claims more than $100,000 in damages (*Id.*);

8. Allstate insured Plaintiff at the time of the January 22, 2014 accident (*Id.* at p. 24, ¶ 2);

9. Allstate did not pay anything on Plaintiff's claim (*Id.*);

10. Plaintiff asked Allstate to investigate, and Allstate took Plaintiff's statement of how the accident occurred (*Id.*);

11. Alicia Reyes investigated the claim on behalf of Allstate from March 2014 until July 2014 (*Id.* at 24-25, ¶ 2);

12.    Ms. Reyes denied Plaintiff's claim, and the stated reason given was that Plaintiff was operating an electric scooter, rather than an automobile (*Id.* at 25, cont'd ¶2);

13.    Plaintiff was told by Allstate that Allstate would investigate whether Plaintiff's umbrella policy would provide coverage (*Id.*);

14.    Allstate did not reach out to Plaintiff about the January 2014 accident after July 2014, until Plaintiff filed this lawsuit (*Id.*);

15.    Plaintiff is demanding all damages and losses available under breach of contract, bad faith, and tort claims (*Id.* at 25, ¶3);

16.    Allstate will not give Plaintiff her file (*Id.*);

17.    At the time of the accident, Donald Hernandez was driving 45 mph (*Id.* at 26, ¶ 2);

18.    Mr. Hernandez was ticketed for driving without proof of insurance (*Id.*);

19.    Plaintiff suffered severe injuries as a result of the January 22, 2014 accident (*Id.* at 26, ¶ 3);

20.    Plaintiff will require future surgeries as a result of the accident (*Id.*);

21.    Plaintiff, through her husband, hired a lawyer prior to March 2014 (*Id.* at 26, ¶4);

22.    Plaintiff and the lawyer agreed to part ways, with the lawyer having performed no work on the case over the course of three months (*Id.*);

23.    Plaintiff decided to contact Allstate directly (*Id.*);

24.    Plaintiff called Allstate in March 2014 to report the claim and ask Allstate to investigate (*Id.* at 27, ¶5);

25.    Alicia Reyes was assigned by Allstate to investigate Plaintiff's claim (*Id.*);

26.    Ms. Reyes never communicated with Plaintiff (*Id.*);

27.    In communicating with Plaintiff on one occasion, Ms. Reyes informed Plaintiff that Ms. Reyes was investigating the timing of the traffic lights at the subject intersection (*Id.*);

28.    In communicating with Plaintiff on another occasion, Ms. Reyes informed Plaintiff that Ms. Reyes was having problems with one of the witnesses, who kept changing his story, and the

witness wouldn't respond to calls or letters, so Allstate was sending a detective to his house to talk to him (*Id.*);

29.    In July 2014, Ms. Reyes informed Plaintiff that Allstate was denying Plaintiff's claim, because she was not in her automobile (*Id.* at 27, ¶6);

30.    Plaintiff had an Umbrella policy, presumably issued by Allstate (*Id.*);

31.    As of July 2014, Allstate was going to determine whether there was coverage available under the Umbrella policy (*Id.*);

32.    Since July 2014, Allstate has not communicated with Plaintiff about her claim (*Id.*).

33.    Plaintiff has engaged other lawyers that she believes committed fraud and conspired with Allstate (*Id.* at 27, ¶7);

34.    Plaintiff has sent certified letters to Allstate to obtain a copy of the file concerning Accident Case #0416094424 (*Id.*);

35.    Allstate will not give Plaintiff her files or speak with Plaintiff (*Id.*);

36.    Plaintiff anticipates finding evidence of fraud and conspiracy upon review of her files (*Id.*);

37.    Paul Novak was Plaintiff's Allstate agent, who was working for and under the guidelines of Allstate, and he had Plaintiff sign a UM/UIM Selection/Rejection Form (the "waiver") on January 12, 2011 (*Id.* at 28, ¶9);

38.    Mr. Novak misrepresented the waiver and provided Plaintiff misleading information regarding the waiver (*Id.*);

39.    Plaintiff believes that the waiver caused Allstate to gain $200,000 and Plaintiff to lose $200,000, and she would only get $50,000 (*Id.*);

40.    Mr. Novak's actions in 2011 were fraudulent and violated C.R.S. 10-1-128, and C.R.S. 8-5-211 (*Id.*);

41.    Plaintiff did not understand what she was signing when she went to Mr. Novak's office in 2011 to sign the waiver (*Id.* at 28, ¶10);

42.    Mr. Novak lied by telling Plaintiff in 2011 that $50,000 was all the underinsured coverage she would need and that he would sign the waiver if it were up to him (*Id.*);

43.    Plaintiff signed the waiver on Mr. Novak's recommendation (*Id.* at 29, contd. ¶ 10);

44.    The UM/UIM Coverage Form is on two pages, while the Med-Pay Waiver is only one page (*Id.*, and Exhibit A pp. 34-37);

45.    Mr. Novak had Plaintiff sign the waiver in 2011 to gain money for Allstate and hurt Plaintiff financially (*Id.* at 29, contd. ¶ 10);

46.    Mr. Novak had Plaintiff sign the waiver, rather than Plaintiff's husband (*Id.*);

47.    Plaintiff's husband would not have signed the waiver (*Id.*);

48.    Mr. Novak took advantage of Plaintiff's disabilities, and "C.R.C.P. 1.14 states persons of diminished capacities [sic]." (*Id.*);

49.    Mr. Novak had a fiduciary duty to protect Plaintiff (*Id.* at 30, contd. ¶ 10)

50.    Mr. Novak had a fiduciary duty not to hurt Plaintiff (*Id.*);

51.    Papers were switched out (*Id.*);

52.    Paul Novak works under the guidelines of Allstate (*Id.* at 30, ¶11);

53.    Plaintiff discovered the waiver and came to believe it was fraudulently obtained or altered less than two years ago (*Id.* at 30, ¶12);

54.     Plaintiff suspects that Mr. Novak or Allstate falsely reported Plaintiff as having been in a hit and run accident on January 22, 2014 (*Id.* at 31, ¶13);

55.    Allstate reported that there were no injuries (*Id.*);

56.    Plaintiff cannot get insurance due to the hit and run report, presumed to have been made by Allstate or Paul Novak (*Id.*);

57.    Paul Novak destroyed Plaintiff's files in his possession six months after Plaintiff terminated her policies with Allstate (*Id.* at 31, ¶14)

58.    An email between her attorney and an Allstate representative, "Paul's [sic] Humphrey" (presumably Paula Humphrey) states that Ms. Humphrey was told by Mr. Novak that Plaintiff's file was destroyed (*Id.*);

59.     Attached as Exhibit B to the Amended Complaint is a July 24, 2014 letter to American Family from Alicia Reyes (*Id.* at 38 & 39, Exh. B);

60.    Plaintiff believes that the July 24, 2014 letter is directed to American Family as an insurer for Mr. Hernandez, who obtained insurance after the accident (*Id.* at 31, ¶15);

61.    Plaintiff believes that, in the July 24, 2014 letter, Ms. Reyes is denying a claim for damages from Plaintiff hitting Mr. Hernandez, because her scooter is not an automobile, and there is no coverage under Plaintiff's auto insurance (*Id.*);

62.    "American Family Insurance was never cashed for and on 10/23/17 and this starts the clock." (*Id.* at 31-32, ¶16).

## B.  Procedural History

Based on the allegations in Plaintiff's operative Complaint, Defendant filed the subject Motion for Judgment on the Pleadings on September 7, 2020 (ROA Vol. 3, pp. 119-134, Dkt. 67).  Following extensive briefing and a hearing on December 11, 2020[1], Magistrate Judge Neureiter issued his Report and Recommendation that the Motion for Judgment on the Pleadings be Granted (ROA, Vol. 3, pp. 220-231, Dkt. 140, and attached).

---

[1] The transcript of the hearing is included in the Record, ROA Vol. 3, pp. 393-423, Dkt. 152-1.

Plaintiff submitted a series of objections to the Magistrate's Recommendation, along with voluminous attachments. *See* Objections filed 02/06/21, ROA, Vol. 3, pp. 232-266, Dkt. 152, with attachments at pp. 267-392, Dkt. 152-1, Second Objections filed 02/08/21, pp. 424-458, Dkt. 153, and Response filed 09/27/21 pp. 476-489, Dkt. 163.

Judge Domenico reviewed Magistrate Neureiter's Recommendation and associated briefing by the parties, and evaluated under the applicable *de novo* review standard pursuant to Fed. R. Civ. P. 72(b)(3). Judge Domenico's Order Adopting Report and Recommendation, Granting Judgment on the Pleadings, and Dismissing Case was issued on September 30, 2021 (PROA, p. 316-323, Dkt. 167-2, and attached), and Final Judgment was entered in Defendant's favor that day. ROA, Vol. 3, p. 490, Dkt. 165. This appeal followed.

## SUMMARY OF THE ARGUMENT

Plaintiff's claims arise from an automobile accident that occurred on January 22, 2014 accident. At that time, Plaintiff was insured by Allstate under an automobile policy with Uninsured/Underinsured Motorist ("UM/UIM") Bodily Injury coverage. She alleges she was

injured while crossing a major roadway in her electric scooter when she was hit by a motor vehicle being driven by Donald Hernandez, whom she alleges was either uninsured or uninsured. Following the accident, the Plaintiff pursued UM/UIM benefits under her auto policy with the Defendant, Allstate.  Upon receipt of her claim in March 2014, Allstate investigated.  Plaintiff was told that Allstate was denying her claim in July of 2014, as acknowledged in the Complaint.  (ROA, Vol. 2, at 27, ¶6).

Both Magistrate Neureiter and Judge Domenico applied the appropriate standards and arrived at the same conclusions, based on the law and facts before them, and the Judgment should be affirmed.

In summary, the District Court Judges concluded that Plaintiff failed to allege facts sufficient to establish a fraud claim under the standard articulated in Fed. R. Civ. P. 9(b), which requires fraud allegations be plead with particularity.  The fraud claim was also time-barred by Colorado's three-year statute of limitations, Colo. Rev. Stat. § 13-80-101(1)(c), because the alleged fraud took place in 2011, the accident and denial of benefits occurred in 2014, and Ms. Martinez did not file suit until October 2019.

Plaintiff's claim for breach of fiduciary duty fails as a matter of law, because Colorado law does not recognize a fiduciary relationship between an insured and insurer in a first-party context, and Plaintiff otherwise failed to allege the existence of a fiduciary relationship.

Plaintiff's claim for Breach of Contract for underinsured motorist ("UIM") benefits was time-barred under Colo. Rev. Stat. §13-80-107.5, because the accident and denial of benefits occurred in 2014, and she did not file her Complaint until October 2019, outside of the three-year limitations period, which was not otherwise extended.

Plaintiff's Common Law and statutory bad faith claims were time-barred under Colo. Rev. Stat. §13-80-102(1)(a), because she brought suit more than two years after Allstate denied her claims.

Plaintiff's negligence claim was not legal cognizable, as a "claim for simple negligence against an insurer or its agent is not recognized in Colorado." *Jordan v. City of Aurora*, 876 P.2d 38, 43 (Colo. Ct. App. 1993), while Plaintiff's civil conspiracy claim fails as a matter of law, because she failed to state an independent cause of action, but also failed to identify the alleged co-conspirators, the object of the conspiracy, any agreement reached, or specific unlawful acts." *In re*

*Qwest Commc'ns Int'l, Inc. Sec. Litigation*, 387 F. Supp. 2d 1130, 1153 (D. Colo. 2005) (citation omitted).

Defendant asserts that each of the trial court's rulings were correct, and Plaintiff has identified no legal error in her Opening Brief, nor is there any error evident in the Record. For the reasons stated in the Judges' Order and herein, each of Plaintiff's claims was properly dismissed as time-barred, factually inadequate, or not legally cognizable, and the Judgment should be affirmed.

## STANDARD OF REVIEW

While Plaintiff hasn't provided any authority, Defendant agrees that the trial court's Order dismissing Plaintiff's claims has been preserved for appeal, and further agrees that Judge Domenico's September 30, 2021 Order Adopting Report and Recommendation, Granting Judgment on the Pleadings, and Dismissing Case (Preliminary Record on Appeal ["PROA"] at pp. 316-323, original U.S.D.C. docket "Dkt," 164, and attached), as well as the Final Judgment (ROA Vol. 3 at p. 490, Dkt. 165, and attached) are subject to *de novo* review. *TON Servs., Inc. v. Qwest Corp.*, 493 F.3d 1225, 1236 (10th Cir. 2007).

## <u>RESPONSE TO ARGUMENT ON APPEAL</u>

In her Opening Brief, Plaintiff does not identify any legal or factual bases to warrant reversal of the trial court's rulings, issued upon Defendant's Motion for Judgment on the Pleadings. ROA Vol. 3, pp. 119-134, Dkt. 67.

A motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) is evaluated under the same standard applicable to a Rule 12(b)(6) motion to dismiss. *See Corder v. Lewis Palmer Sch. Dist. No. 38*, 566 F.3d 1219, 1223–24 (10th Cir. 2009). Therefore, in ruling on a motion for judgment on the pleadings, courts look to the specific allegations of the complaint to determine whether they plausibly support a legal claim for relief—that is, a complaint must include "enough facts to state a claim for relief that is plausible on its face." *TON Servs., Inc. v. Qwest Corp.*, 493 F.3d 1225, 1236 (10th Cir. 2007); *Alvarado v. KOB–TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007). The Court accepts as true the well-pled factual allegations of the opposing party and draws all reasonable inferences in its favor. *See Nelson v. State Farm Mut. Auto. Ins. Co.*, 419 F.3d 1117, 1119 (10th Cir. 2005).

Claims for relief are subject to the plausibility standard articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. at 677. The factual allegations of the complaint must be enough to raise a right to relief above the "speculative level" and provide plausible grounds to state a claim. *Warne v. Hall*, 373 P.3d 588, 591 (Colo. 2016). A court does not have to accept legal conclusions in a complaint as true. *Id.*

Magistrate Neureiter and Judge Domenico applied the appropriate standard, accepted the allegations in Plaintiff's Complaint as true, and concluded that each of Plaintiff's claims failed as a matter of law. As with the various Objections to Magistrate Neureiter's Recommendation noted by Judge Domenico, and consistent with other pleadings filed in the underlying action, Plaintiff's Opening Brief consists of "general objections that are either conclusory, non-specific, or irrelevant to the resolution of Ms. Martinez's claims." PROA, at 320, Dkt. 167-2. Plaintiff's Opening Brief describes difficulties in access to

the Court, trouble with drafting and understanding the applicable law and procedures, issues with unhelpful clerks and staff, and various "frauds" allegedly perpetrated by counsel and judges during the course of the litigation she instituted. While lamentable, the arguments and allegations have no bearing on the issues to be addressed in this appeal. In short, Plaintiff has identified no reason to overturn Magistrate Neureiter's Recommendation and Judge Domenico's Order and Judgment adopting same. Rather than attempt to impose order where none exists, Defendant now addresses the various claims for relief from Plaintiff's Complain in turn.

## A. The Plaintiff's Complaint Fails to State a Claim for which Relief can be Granted for Fraud

## 1. Plaintiff Failed to Plead Factual Allegations Sufficient to Prove She Is Entitled to Relief for Fraud Based on Deceit, and Her Claim Should Fail as a Matter of Law

Pursuant to Fed. R. Civ. P. 9(b), "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." The Tenth Circuit has interpreted this to mean that a complaint alleging fraud must "set forth the [1] time, [2] place and [3] contents of the false representation, [4] the identity of the party making the false statements and [5] the consequences thereof." *Koch v. Koch*

*Indus., Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2000) (internal citations and quotations omitted). Broadly, "Rule 9(b)'s purpose is to afford defendant fair notice of plaintiff's claims and the factual ground upon which they are based." *Id.* (internal citations and quotations omitted). Here, plaintiff failed to plead facts concerning the content and consequences of the alleged fraud with sufficient particularity.

Based upon her Complaint, Plaintiff believes that the acts of Paul Novak, her former insurance agent, are the acts of Allstate, but Plaintiff has alleged only that Mr. Novak worked for Allstate or acted "under the guidelines of Allstate." ROA, Vol. II, at p. 23, 2nd full paragraph. Elsewhere in her Complaint, she concedes Paul Novak does not work for Allstate. *Id.* at 30, ¶ 11 ("This is why Paul Novak is not being sued he is not All State [sic] but works under the guidelines of Allstate."). These allegations are insufficient to prove agency. *See Yates v. Portofino Real Estate Props. Co., LLC*, 2009 U.S. Dist. LEXIS 73427, *8 (D. Colo. August 17, 2009) ("If plaintiffs intend to rely on an agency relationship to hold [defendant] accountable for [the alleged agents'] representations and conduct, they must make such allegations explicit.")

As to specific acts, Plaintiff alleges that, in 2011, Mr. Novak "misrepresented" the UM/UIM selection/rejection form attached as Exhibit A to her Amended Complaint, though it is unclear how. *See generally, Id.* at pp. 28-31, ¶¶ 9, and 13-16. A general allegation that Mr. Novak misrepresented the waiver Plaintiff signed is conclusory and does not need to be accepted as true. *See Iqbal*, 556 U.S. at 678.

Plaintiff also asserts that the selection/rejection form is fraudulent because it is two (2) pages long whereas the Med Pay rejection form is only one (1) page, and Mr. Novak destroyed her files sometime after she terminated their business relationship. ROA, Vol. 2, at 29, contd. ¶ 10, and Exhibit A pp. 34-37. None of these allegations meets her burden to state the circumstances of fraud with particularity.

While Plaintiff speculates that Mr. Novak "lied" to her, she describes no statements that could be deemed to be false representations. She alleges that Mr. Novak explained that "UMI" meant underinsured or uninsured, and describes only two alleged statements by Mr. Novak that she considered false: 1) that $50,000 was all the UM/UIM coverage she would need, and 2) he would choose that level of coverage if it were his choice. *Id.* at 28-29, ¶ 10. At worst, these

statements could be deemed to be mistakenly held opinions, not false representations.

Plaintiff otherwise asserts that the UM/UIM selection form covers two pages, rather than only one page, and this appears to have raised her suspicions, but a form on two pages is not a particular allegation of the contents of any false representation. As to the alleged destruction of her file by Mr. Novak, Plaintiff does not allege when that was done, how the destruction constitutes fraud, whether the destruction was unlawful, or how the alleged destruction caused her any damages

Plaintiff has otherwise failed to allege facts sufficient to meet other elements of a fraud claim. Colorado's substantive law applies in this diversity case, and in order to prevail on a fraud claim in Colorado a plaintiff must establish five (5) elements: (1) that the defendant made a false representation of a material fact; (2) that the one making the representation knew it was false; (3) that the person to whom the representation was made was ignorant of the falsity; (4) that the representation was made with the intention that it be acted upon; and (5) that the reliance resulted in damage to the plaintiff. *Bristol Bay Prods., LLC v. Lampack*, 312 P.3d 1155, 1160 (Colo. 2013). Plaintiff did

not allege facts sufficient to show that Mr. Novak or Allstate made any false representation to her, that they knew any representation to be false, or that she was damaged by any alleged false representation with particularity, as required by Colorado law. *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2000).

As detailed above, Mr. Novak's alleged statements are not false representations, and Plaintiff does not allege that Mr. Novak believed his statements regarding the sufficiency of UIM coverage were false. Further, while Plaintiff argues that Allstate gained $200,000 and she lost $50,000, because she signed the form electing UM/UIM coverage of $50,000, Plaintiff has failed to allege that she sustained damages due to reliance on Mr. Novak's alleged statements. Actual damages are a necessary element of the plaintiff's cause of action in deceit. *Dann v. Perrotti & Hauptman Dev. Co.*, 670 P.2d 448, 451 (Colo. App. 1983). When not only the amount of damages is uncertain, but the fact of damages is uncertain as well, there can be no recovery for deceit. *Id.* As noted in the form, Plaintiff chose UM/UIM coverage with $50,000 limits, and she argues that she should have coverage of $250,000, but she has not sustained any damages, as she has not alleged facts

sufficient to prove that she is entitled to UM/UIM benefits while she has, presumably, benefitted from lower premiums.

## 2. Plaintiff's Fraud Claim is Otherwise Barred by the Applicable Statute of Limitations

In Colorado, a cause of action for fraud begins to accrue on the date such fraud is discovered or should have been discovered by the exercise of reasonable diligence.  C.R.S. § 13-80-108(3). The statute of limitations for fraud is three (3) years.  C.R.S. § 13-80-101(1)(c).  When analyzing whether a fraud claim is barred by the statute of limitations, "the relevant issue is when a plaintiff discovers facts essential to the cause of action, not the legal theory upon which the cause of action would be based." *Olson v. State Farm Mut. Auto. Ins. Co.*, 174 P.3d 849, 855 (Colo. App. 2007) (internal quotations omitted).  Furthermore, the tolling statute "require[s] that the plaintiff use due diligence to find out the relevant circumstances or events. This requirement creates an objective standard, and does not reward denial or self-induced ignorance." *Id.* at 854.

Here, it is clear from the Amended Complaint that the Plaintiff signed her UIMBI Selection/Rejection Form on January 12, 2011, attached to Plaintiff's Amended Complaint as Exhibit A. ROA, Vol. 2,

pp. 34-37. The accident at issue occurred on January 22, 2014, and Plaintiff made a claim with Allstate in March 2014. It appears that Plaintiff believes that Allstate, through Mr. Novak's alleged misrepresentations, convinced her to elect lower policy limits, so that Allstate would owe lesser benefits if Plaintiff were involved in an accident with an uninsured or under-insured driver. *See generally* Complaint, ROA Vol. 2, at 28, ¶9. Notwithstanding the logical flaws in this supposition, if Plaintiff's allegations were true, then her cause of action for fraud would accrue when she should have discovered through the exercise of reasonable diligence that her insurance coverage ($50,000) was less than her damages from the accident, minus the liability limits of the under-insured motorist. Plaintiff alleges that Mr. Hernandez was initially determined to have been uninsured entirely, so she should have recognized the limits of coverage as soon as she made her claim for benefits. *Id.* at 26, ¶ 2. Plaintiff asserts that she first made a claim for benefits in March 2014, after having consulted with an attorney, and her claim accrued at that time. *Id.* at 27, ¶5.

While Plaintiff has argued that she discovered the existence of the Waiver form less than two years ago, she does not describe when, nor

32

does she describe how she was unaware of a form that has her signature on it. Because more than three (3) years passed from the time she should have discovered the alleged fraud to the time she filed the present lawsuit, her claim was also barred by the statute of limitations and was properly dismissed.

### 3. Magistrate Neureiter and Judge Domenico's Rulings

Magistrate Neureiter identified each element of the cause of action for fraud, noting that Plaintiff alleged insufficient facts to establish that Paul Novak was acting as an agent for Defendant, she identified no false statement, let alone a statement made with knowledge that it was false, and she had not alleged actual damages. *See* ROA, Vol. 3, pp. 224-5, Dkt. 140 at 5-6, ¶ III(B). Magistrate Neureiter further concluded that the alleged fraudulent acts are barred by the 3-year statute of limitations. *Id.* at 225-7, ¶ III(B); C.R.S. § 13-80-101(1)(c) and 13-80-108(3). Even if the factual allegations were supported adequately, Plaintiff elected the amount of UM/UIM coverage in January 2011, and her knowledge of the alleged fraud should have been discovered when she made her claim for benefits in March 2014.

Likewise, Judge Domenico concluded that Plaintiff failed to allege fraud with particularity, failed to allege any false statements made by Mr. Novak, and failed to allege facts to establish an agency relationship. PROA, p. 321.   Judge Domenico further noted that Plaintiff's only allegations of fraud occurred in 2011, accrued in March 2014, and her Complaint filed in 2019 was outside the applicable three-year limitations period.   *Id.* pp. 321-322, and Colo. Rev. Stat. § 13-80-101(1)(c).

In her Opening Brief, Plaintiff does not address the Judges' Orders, and repeats vague allegations that one of Allstate's attorneys was acting illegally and with the help of two judges, but fails to address her legal obligation to allege facts adequate to establish a plausible claim for relief.   Plaintiff points to no actions by Defendant within the three years before she filed the lawsuit in October 2019 that might make her fraud claim timely.   Op. Br., pp. 7-9.

While a court must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff, *Williams v. Meese*, 926 F.2d 994, 997 (10th Cir. 1991), a complaint does not "suffice if it tenders 'naked assertion[s]' devoid of

'further factual enhancement.'" *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). These additional allegations are insufficient to overcome the deficiencies identified by Magistrate Neureiter and Judge Domenico, and importantly, the unsupported allegations remain untimely pursuant to the statute of limitations.

Plaintiff otherwise argues that proof of fraud will be shown at some point in litigation. Plaintiff did not submit an affidavit or request to convert Defendant's Motion to a Rule 56 Motion. The Tenth Circuit Court of Appeals addressed a similar scenario in *Marquez v. Cable One, Inc.*, 463 F.3d 1118, 1121 (10th Cir. 2006), where Plaintiff argued on appeal that additional discovery should have been allowed before granting a Rule 12 Motion converted to a motion for summary judgment. 463 F.3d at 1120. In affirming the district court, the Tenth Circuit noted that "plaintiff's response to the motion clearly demonstrated that he was aware that the motion would be converted to a Rule 56 motion for summary judgment," and plaintiff had adequate notice of the conversion but had not submitted a Rule 56(f) affidavit describing why discovery was necessary. *Id*. at 1121.

Plaintiff did not describe why she was unable to present evidence to support her claims. She did not ask the Court to allow discovery prior to ruling, nor did she explain how discovery of additional information could help salvage her claims, and the Magistrate and Judge's rulings were correct and should be affirmed.

## B. Plaintiff Failed to Plead Factual Allegations Sufficient to Show She Is Entitled to Relief for Civil Conspiracy

In order to prove civil conspiracy the Plaintiff must show: 1) two or more persons, and for this purpose a corporation is a person; 2) an object to be accomplished; 3) a meeting of the minds on the object or course of action; 4) one or more unlawful overt acts; and 5) damages as the proximate result thereof. *Jet Courier Service, Inc. v. Mulei*, 771 P.2d 486, 502 (Colo. 1989).

The Plaintiff's allegations of a civil conspiracy boil down to a few threadbare allegations, and a presumption that discovery may uncover facts to support the claim. ROA at p. 28, ¶ 7. There are no allegations naming any two persons or entities, only a supposition that Allstate conspired with her attorneys. *Id.* No object of the conspiracy has been alleged. *See generally* Plaintiff's Complaint. No course of action or meeting of the minds has been alleged. *Id.* No unlawful overt acts have

been alleged, and Plaintiff has not alleged how any conspiracy has caused her damage. *Id.* As Magistrate Neureiter concluded, Plaintiff failed to allege facts sufficient to meet any of the elements of a claim for civil conspiracy, and the claim should be dismissed as a matter of law. ROA, Vol. 3, pp. 230-231.   Judge Domenico concluded likewise in determining that Plaintiff failed to address Judge Neureiter's analysis or otherwise "allege an underlying predicate claim to support [the civil conspiracy claim]."  PROA, pp. 322-323.

Plaintiff has failed to allege the names of the alleged conspirators, the alleged object of the conspiracy, or the course of action or meeting of the minds necessary to support such a claim.  Further, she has failed to allege any unlawful overt act or how any conspiracy has caused her damage.  The claim remains without a factual basis, and dismissal of Plaintiff's claim for civil conspiracy should be affirmed.

### C. Plaintiff Failed to State a Claim for Breach of Fiduciary Duty

In Colorado, insurance companies do not owe a fiduciary duty to their insureds in the first-party context. In *Bailey v. Allstate Ins. Co.*, 844 P.2d 1336, 1339 (Colo. App. 1992) the Court of Appeals addressed this very issue and concluded that "[f]irst-party actions are adversarial

in nature; therefore, it is impossible for the insurer to act as a fiduciary for its opposing contractee."  While Colorado law recognizes a quasi-fiduciary relationship to an insured in relation to a third-party claim against the insured, and "an insurer is required to deal with the insured in good faith and fair dealing concerning every aspect of the contract, good faith and fair dealing is not enough to place the broad and substantial duties of a true fiduciary upon the insurer."  *Id.* at 1341.

As noted by Magistrate Neureiter, a breach of fiduciary duty claim has four necessary elements, the first of which is a fiduciary relationship. *See* ROA, Vol. 3, p. 227, ¶ III(C).  Judge Domenico concluded the same, citing to *Brodeur v. Am. Home Assurance Co.*, 169 P.3d 139, 152 (Colo. 2007).  PROA, p. 322, ¶ 3.

Because Plaintiff's Complaint fails on this first element, it was properly dismissed.  Plaintiff has presented no argument or legal authority that could challenge, let alone overcome, the case law cited in the trial court's Orders, which should be affirmed.

### D. Plaintiff's Claim for Breach of Contract Is Barred by the Statute of Limitations

Plaintiff's Complaint asserts Breach of Contract, presumably for unpaid UIM benefits, and she acknowledges, that her claim was denied

in July of 2014. ROA, Vol. 2, at p. 27, ¶ 6.  Contract actions in Colorado are governed by a three-year limitations period.  C.R.S. 13-80-101(1)(a). Plaintiff's claims for breach of contract accrued when her claim was admittedly denied in July 2014, and Plaintiff's breach of contract claim is untimely, as it was filed over five years after the denial.

Plaintiff has argued that Magistrate Neureiter mistakenly applied two different statute of limitation periods. *See* ROA, Vol. 3, pp. 254-255, Doc 152 at 23-24. Magistrate Neureiter simply analyzed the statute of limitations for the breach of contract under both C.R.S. § 13-80-107.5(1)(a), if Mr. Hernandez were an uninsured motorist, and C.R.S. § 13-80-107.5(1)(b), if Mr. Hernandez were an underinsured motorist, because Plaintiff's operative complaint was ambiguous as to Mr. Hernandez's insurance status. *See* ROA, Vol. 3, pp. 227-228, Doc. 140 at 8-9, ¶ III(D). Under either limitations period, Ms. Martinez's claims were untimely. Plaintiff would like to believe that her causes of action accrued as of October 23, 2017 – the date written on the settlement check issued by Mr. Hernandez's insurance carrier. As Magistrate Neureiter correctly points out, however, the alternative limitations period applies only to settlement payments received within the longer,

3-year limitations period. *Id.* p. 228, citing *Stoesz v. State Farm Mut. Auto. Ins. Co.*, 410 P. 3d 583, 586 (Colo. App. 2015).

Judge Domenico concurred, noting that the extension of the limitations period applies only if the settlement check is received within three years of the accrual of the UIM claim, or within three years of when the claim was denied in July 2014. PROA, p. 322.

Here, the accident occurred on January 22, 2014, and Plaintiff's claim was admittedly denied in July 2014, and her claim for UM/UIM benefits accrued at the time of the accident with the allegedly uninsured motorist, or, at the latest, when Allstate denied her claim in July 2014. Plaintiff's receipt of the settlement payment in October 2017 did not extend the limitations period by two years, as it was not received within three years of when her claim accrued. Colo Rev. Stat. 13-80-107.5(1). Because Plaintiff did not file her lawsuit until October 2019, her claim for breach of contract was untimely and properly dismissed.

### E. The Plaintiff's Claims for Bad Faith Breach of Insurance Contract & Statutory Bad Faith Were Untimely

The tort of bad faith has a two-year statute of limitations from the date of accrual. C.R.S. § 13-80-102(1)(a); *Brodeur v. Am. Home Assur.*

*Co.*, 169 P.3d 139, 146 (Colo. 2007). A bad faith cause of action accrues when both the nature of the injury and its causes are known or should have been known through the exercise of reasonable diligence. *Cork v. Sentry Ins.*, 194 P.3d 422, 427 (Colo. App. 2008) (citing C.R.S. § 13-80-108(1)). Claims for violation of C.R.S. §§ 10-3-1115, and 10-3-1116 accrue in the same manner as bad faith claims. *Wardcraft Homes, Inc. v. Emplrs Mut. Cas. Co.*, 70 F. Supp. 3d 1198, 1213 (D. Colo. September 29, 2014).

Plaintiff alleged in her Complaint that Allstate denied Plaintiff's claim for UM/UIM benefits in July 2014. ROA, Vol. 3, p. 27, ¶ 6. As such, Plaintiff's common law bad faith claim expired as of July, 2016. With respect to Plaintiff's statutory bad faith claim, where the limitations period is subject to dispute under Colorado law, even if a three-year statute of limitations applies, the claim expired no later than July, 2017—three years after her UIM claim was denied. As such, the Plaintiff's bad faith claims are barred by the Statute of Limitations.

In her Objection, Plaintiff attempted to walk back allegations made in her Amended Complaint, specifically, her allegation that she was notified her claims were denied in July 2014. In doing so, however,

she never disputed her previous allegation that as of 2014, Allstate told her that she was "not being paid a dime." *See* ROA, Vol. 3, p. 256, Doc. 152 at 25.  More importantly for evaluation a claim under the standard applicable for Motions for Judgment on the Pleadings, the allegations in the operative pleading plainly state that her claim was denied in July 2014.  *Id.* at 257-259; *see also* ROA, Vol. 2, at p. 27, ¶ 6 of the Complaint. As Magistrate Neureiter points out, the cause of action for bad faith breach of insurance contract accrued in July 2014, when her claim was admittedly denied. *See* ROA, Vol. 3, at p. 229, ¶ III(E). Having failed to bring a cause of action within the two year limitation period of Colo. Rev. Stat. § 13-80-102(1)(a), Plaintiff's bad faith claims are untimely and were properly dismissed.

## F. The Plaintiff's Negligence Claim Was Properly Dismissed for Failure to State a Claim Upon Which Relief can be Granted

A claimant alleging negligence of another party must establish the existence of a duty, a breach of that duty, causation, and damages. *Observatory Corp. v. Daly*, 780 P.2d 462, 465 (Colo. 1989).  Plaintiff failed to allege facts sufficient to identify an independent duty outside

of the insurance contract owed by Defendant, any breach by Defendant, or causation of any damages to support any negligence claim.

Magistrate Judge Neureiter recognized Colorado precedent from *Jordan v. City of Aurora,* 876 P.2d 38, 43 (Colo. Ct. App. 1993), wherein the Colorado Court of Appeals dismissed a negligence claim in a first-party case, stating that, "a claim for simple negligence against an insurer or its agent is not recognized in Colorado. Therefore, plaintiff's claim against [the insurer] for negligence must be dismissed as a matter of law.  See also, *Bankruptcy Estate of Morris v. COPIC Ins. Co.*, 192 P.3d 519 (Colo. App. 2008) (upholding dismissal of negligence claim against first-party insurer).  As Judge Neureiter noted, Plaintiff failed to identify any exception to this rule.  ROA, Vol. 3, at p. 230, ¶ III(F). Judge Domenico, in his *de novo* review, explained that Plaintiff otherwise failed to address the conclusions reached by Magistrate Neureiter.  PROA, at p. 323.  Plaintiff's negligence claim was properly dismissed.

## CONCLUSION

This Court should affirm the District Court's Orders and Final Judgment.  Plaintiff has failed to identify facts sufficient to support any of her claims.  A motion to dismiss for failure to state a claim tests "the sufficiency of the allegations within the four corners of the complaint." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994).  A complaint will survive such a motion only if it contains "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

Much of Plaintiff's Complaint, and the statements made in her Opening Brief, are suppositions or conclusory statements, without factual support.  While a court must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff, *Williams v. Meese*, 926 F.2d 994, 997 (10th Cir. 1991), a complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (quoting *Twombly*, 550 U.S. at 557).

As Judges Neureiter and Domenico correctly concluded, Plaintiff's claims are otherwise not legally cognizable against an insurance carrier

and/or are barred by applicable Statutes of Limitation. The trial court offered Plaintiff every opportunity to make her arguments and establish her claims, and she failed to address or correct the deficiencies in her Complaint.

Defendant committed no fraudulent, conspiratorial, or negligent acts and never wronged Plaintiff in any way. Taking the Plaintiff's allegations as true, Plaintiff failed to allege sufficient facts to support any of her claims for relief, and her claims were otherwise untimely. Defendant requests that the Judgment be affirmed.

Respectfully submitted this 21st day of July 2022.

By: *s/ Joel A. Richardson*
Joel A. Richardson, #36805
Rebecca K. Wagner, #33473
Robert A. Zahradnik-Mitchell, #50307
Campbell, Wagner & Frazier, LLC
5251 DTC Parkway, Suite 400
Greenwood Village, CO 80111
Telephone: (303) 831-5990
Email: rwagner@cwf-law.net
rzahradnik@cwf-law.net
jrichardson@cwf-law.net
*Attorneys for the Defendant/Appellee*

## CERTIFICATE OF COMPLIANCE

This brief complies with the typeface requirements of F.R.A.P. 32(a)(5) and 10th Cir. R. 32 and the type style requirements of F.R.A.P. 32(a)(6), because it has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point, Century Schoolbook type style.   This brief complies with the type-volume limitations F.R.A.P. 32(a)(7) and 10th Cir. R. 32, because it contains fewer than 13,000 words.

*/s/ Joel A. Richardson*

## CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2022, I electronically transmitted the attached **Appellee's Answer Brief** to the Clerk of the Court of the United States Court of Appeals for the Tenth Circuit using the Court's ECF System.  I further certify that I have sent a copy of this document via email to the *pro se* Plaintiff and a physical copy will follow via United States First Class Mail, postage prepaid, to the following:


Ms. Nancy Martinez
6328 Vance Street
Arvada, CO  80003
nmartinez8004@gmail.com


/s/ *Joel A. Richardson*
Joel A. Richardson

**ATTACHMENT 1 - REPORT AND RECOMMENDATION ON DEFENDANT ALLSTATE'S MOTION FOR JUDGMENT ON THE PLEADINGS**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-00659-DDD-NRN

NANCY J. MARTINEZ,

Plaintiff,

v.

ALLSTATE INSURANCE COMPANY,

Defendant.

---

## REPORT AND RECOMMENDATION ON
## DEFENDANT ALLSTATE'S MOTION FOR JUDGMENT ON THE PLEADINGS
## (DKT. #67)

---

**N. REID NEUREITER**
**United States Magistrate Judge**

This case is before the Court pursuant to an Order (Dkt. #69) issued by Judge
Daniel D. Domenico referring Defendant Allstate Insurance Company's ("Allstate" or
"Defendant") Motion for Judgment on the Pleadings. Dkt. #67. The Court has carefully
considered the motion, Plaintiff Nancy J. Martinez's response and amended responses
(Dkt. ##72, 117, & 126), and Allstate's reply (Dkt. #86), and on December 11, 2020, the
Court heard argument from the parties. *See* Dkt. #129. The Court has taken judicial
notice of the Court's file and has considered the applicable Federal Rules of Civil
Procedure and case law. The Court now being fully informed recommends that the
motion for judgment on the pleadings be granted.

## I. BACKGROUND

Ms. Martinez initiated this suit in Jefferson County District Court, Colorado on October 18, 2019. *See* Dkt. #1-1. She filed an Amended Complaint, the operative pleading, on December 23, 2019. *See* Dkt. #1-30; #9. Allstate timely removed the case to this District on March 3, 2020. Dkt. #1.

The following allegations are taken from Ms. Martinez's Amended Complaint. Relevant, well-pled allegations are accepted as true for the purposes of this motion.

Ms. Martinez, who was and is disabled, alleges that she was hit by a car driven by Donald Hernandez on January 22, 2014 while she was crossing a crosswalk in her electric scooter. She sustained numerous, serious injuries. She alleges that Hernandez was ticketed for driving without insurance. She contacted her insurer, Allstate, and an investigation was performed from March through July 2014. On July 24, 2014, Ms. Martinez was informed that her claim was being denied because she was not in an automobile when the accident occurred. She never heard from Allstate again. In October 2017, Ms. Martinez received settlement funds from American Family Insurance, which she alleges insured Hernandez at some point after the accident.

Ms. Martinez claims that Allstate refused to disclose the claim file to her and conspired with her "many lawyers" in denying her benefits. She also seems to allege that her insurance agent, Paul Novak, fraudulently induced her into reducing the limits on her UM/UIM coverage in 2011.

In terms of claims for relief, the Amended Complaint lists them as follows: "1) Bad Faith Claim C.R.S. 10-3-1115"; "2) Breach of Contract C.R.S. 10-3-1116"; "3) Fraud C.R.S. 18-5-211"; "4) Statues [sic] Limitation Laws C.R.S. 13-80-101(n)Personal,

property [sic]"; "5) Statues [sic] of Limitations For contracts C.R.S. 13-80-102"; and "6) Insurance fraud C.R.S. 8-5-211." Dkt. #9 at 11, ¶¶ 1–6. Allstate has interpreted the Amended Complaint to assert claims for 1) breach of contract; 2) common law bad faith; 3) statutory bad faith under Colo. Rev. Stat. §§10-3-1115 and 10-3-1116; 4) negligence; 5) fraud; 6) civil conspiracy; and 7) breach of fiduciary duty. However, in her "Final Amend[ed] Response," Ms. Martinez states that Allstate "adds civil conspiracy and breach of fiduciary duty and tort and insurance fraud (*see* Dkt. #126 at 6), which implies that those claims are not contained in the Amended Complaint itself. Out of an abundance of caution, the Court will address the claims as listed by Allstate.

## II. LEGAL STANDARDS

### a. Pro se Plaintiff

Ms. Martinez is proceeding pro se. The Court, therefore, "review[s] [her] pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). However, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct

3

arguments or theories for the plaintiff in the absence of any discussion of those issues").
A plaintiff's pro se status does not entitle her to an application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

## b. Motion for Judgment on the Pleadings

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is evaluated under the same standard applicable to a Rule 12(b)(6) motion to dismiss. *See Corder v. Lewis Palmer Sch. Dist. No. 38*, 566 F.3d 1219, 1223–24 (10th Cir. 2009). Therefore, in ruling on a motion for judgment on the pleadings, courts look to the specific allegations of the complaint to determine whether they plausibly support a legal claim for relief—that is, a complaint must include "enough facts to state a claim for relief that is plausible on its face." *TON Servs., Inc. v. Qwest Corp.*, 493 F.3d 1225, 1236 (10th Cir. 2007); *Alvarado v. KOB–TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007). The Court accepts as true the well-pled factual allegations of the opposing party and draws all reasonable inferences in its favor. *See Nelson v. State Farm Mut. Auto. Ins. Co.*, 419 F.3d 1117, 1119 (10th Cir. 2005).

Further, a "motion for a judgment on the pleadings only has utility when all material allegations of fact are admitted or not controverted in the pleadings and only questions of law remain to be decided by the district court." 5C Charles Alan Wright et al., *Federal Practice & Procedure* § 1367 (3d ed., Apr. 2017 update); *see also Park Univ. Enters., Inc. v. Am. Cas. Co.*, 442 F.3d 1239, 1244 (10th Cir. 2006) ("Judgment on the pleadings should not be granted unless the moving party clearly establishes that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law."). In ruling on a motion for judgment on the pleadings, the Court may

consider the Complaint, any material that is attached to the Complaint, and the Answer. *See Park Univ*., 442 F.3d at 1244. Additionally, the Court may take judicial notice of state court documents. *Denver Health & Hosp. Auth. v. Beverage Distrib. Co*., LLC, 546 F. App'x 742, 747 n.3 (10th Cir. 2013).

## III. ANALYSIS

Allstate argues that Ms. Martinez's claims are either time-barred or not sufficiently supported by fact or law. The Court agrees.

### A. Allstate's motion is timely.

The Court will first address Ms. Martinez's contention that Allstate's motion for judgment on the pleadings is untimely. She insists that it should have been filed within 21 days after Allstate was served with a summons and the Amended Complaint. Ms. Martinez is mistaken. Rule 12(c) states, "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Allstate filed its Answer on March 17, 2020. *See* Dkt. #16. Thus, the pleadings were closed when it filed the subject motion on September 1, 2020. No trial has been set. Accordingly, the Court finds the motion was timely filed.

### B. Ms. Martinez fails to state a claim for fraud.

Under Colorado law, the prima facie elements of a fraud claim are "(1) a false representation of a material existing fact; (2) knowledge on the part of the one making the representation that it is false; (3) ignorance on the part of the one to whom the representation is made of the falsity; (4) representation made with intention that it be acted upon; (5) representation resulting in damage." *Kinsey v. Preeson*, 746 P.2d 542, 550 (Colo. 1987). Rule 9(b) requires that "[f]or any claim alleging fraud, the

5

circumstances constituting fraud or mistake must be stated with particularity." I*n re Accelr8 Technology Corp. Securities Litigation*, 147 F. Supp. 2d 1049, 1054 (D. Colo. 2001) (citing Fed. R. Civ. P. 9(b)). Thus, a plaintiff in such a case must plead "the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2000). Rule 9(b)'s purpose is to afford defendants fair notice of a plaintiff's claims and the factual ground on which they are based. *Id*.

Ms. Martinez asserts that her former insurance agent coerced her into lowering her UM/UIM policy limits. However, Ms. Martinez concedes that the agent did not work for Allstate, and her conclusory allegations are insufficient to establish the existence of an agency relationship between the two. *See* Dkt. #9 at 9, ¶ 11 ("This is why Paul Novak is not being sued he is not All State [sic] but works under the guidelines of Allstate."). Moreover, the Amended Complaint does not identify any false statement made by the agent. Ms. Martinez alleges that the agent recommended she sign the Colorado Uninsured Motorists Insurance-Bodily Injury Selection/Rejection Form (the "IUMIB Selection/Rejection Form") because $50,000.00 is all she would need in UM/UIM coverage. This may have been bad advice, but Ms. Martinez does allege that the agent knew it to be false. Nor does she adequately allege that the reduction in UM/UIM coverage has caused her actual damages because it is undisputed that Allstate determined that Ms. Martinez was not entitled to *any* UM/UIM benefits.

Even if Ms. Martinez's fraud claim is actionable, it should still be dismissed because it is barred by the statute of limitations. As an affirmative defense, the statute of limitations can be raised on a motion to dismiss only if the complaint itself plainly

establishes the defense. *ASARCO, LLC v. Union Pac. R.R Co.*., 765 F.3d 999, 1004 (9th Cir. 2014). "If the basis for a defendant's Rule 12(c) motion is that the claim is precluded by an applicable statute of limitations, but there are material disputed facts that could undermine the statute of limitations defense, the motion should be denied." *In re Baker*, No. 09-12997 T13, 2012 WL 4482123, at *3 (Bankr. D.N.M. Sept. 27, 2012). "A Rule 12(c) motion may be of particular value when the statute of limitations provides an effective bar to a party's claims and the entire controversy could be disposed of by a pretrial summary motion." *Hamilton v. Cunningham*, 880 F. Supp. 1407, 1410 (D. Colo. 1995).

Under Colorado law, the statute of limitations for fraud is three years. Colo. Rev. Stat. § 13-80-101(1)(c). A cause of action for fraud is considered to accrue on the date such fraud "is discovered or should have been discovered by the exercise of reasonable diligence." *Id*. § 13-80-108(3). Ms. Martinez attached the IUMIB Selection/Rejection Form to her Amended Complaint. *See* Dkt. #9 at 14–15. It was signed on January 12, 2011. The accident at issue in this case took place January 22, 2014, and the driver who hit Ms. Martinez was given a ticket for not having insurance. *Id.* at 5, ¶ 2. Her cause of action for fraud relating to the reduction of her UM/UIM coverage, to the extent that it exists, accrued in March 2014, when Ms. Martinez made a UM/UIM claim. *Id.* at 6, ¶ 6. This lawsuit was not filed until October 2019, more than three years later. Thus, it is barred by the statute of limitations.

In her Amended Complaint, Ms. Martinez contends that all her claims, including fraud, accrued on October 23, 2017, the date reflected on an uncashed settlement check from American Family Insurance. *See* Dkt. #9 at 11, ¶ 102. This is not

persuasive. Ms. Martinez's fraud claim accrued when she became aware, through reasonable diligence, that her UM/UIM coverage was less than the damages she suffered. She was aware of this in March 2014, when she made a claim on her UM/UIM policy with her insurer. When she received funds from Hernandez is immaterial to her knowledge of her own claim for fraud.

## C. Ms. Martinez fails to state a claim for breach of fiduciary duty.

In Colorado, a claim for a breach of fiduciary duty has the following four elements: "(1) that the defendant was acting as a fiduciary of the plaintiff; (2) that the defendant breached a fiduciary duty to the plaintiff; (3) that the plaintiff incurred damages; and (4) that the defendant's breach of fiduciary duty was a cause of the plaintiff's damages." *Sewell v. Great N. Ins. Co.*, 535 F.3d 1166, 1172 (10th Cir. 2008) (citing *Graphic Directions, Inc. v. Bush*, 862 P.2d 1020, 1022 (Colo.App.1993)). However, under Colorado law, there no fiduciary or quasi-fiduciary relationship between an insured and insurer in a first-party context. *Brodeur v. Am. Home Assurance Co* ., 169 P.3d 139, 152 (Colo. 2007); *see also Bailey v. Allstate Ins. Co.*, 844 P.2d 1336, 1339 (Colo. App. 1992) ("While there are circumstances . . . in which fiduciary-like duties may be placed on an insurer to benefit the insured, such situations do not arise in first-party disputes between the insurer and the insured."). This claim should be dismissed.

## D. Ms. Martinez's breach of contract claim is barred by the statute of limitations.

An insured who alleges a claim against an insurer based on a UM/UIM policy must file a claim within three years after the cause of action accrues. Colo. Rev. Stat. § 13–80–107.5(1)(a) and (b). A claim accrues "after both the existence of the death,

8

injury, or damage giving rise to the claim and the cause of the death, injury, or damage are known or should have been known by the exercise of reasonable diligence." *Id.* § 13–80–107.5(3). But a UM/UIM claim also may be considered as having been filed timely when the action is commenced within two years (a) after the insured knows that the particular tortfeasor is uninsured, or (b) after the insured "received payment in settlement or judgment on the underlying claim" if the tortfeasor is underinsured. *Id.* § 13–80–107.5(1)(a) and (b). However, this two-year extension of the statute of limitations arising from settlement requires actual receipt of payment from the tortfeasor within three years after the accident. *Stoesz v. State Farm Mut. Auto. Ins. Co.*, 2015 COA 86, ¶ 10, 410 P.3d 583, 586.

Mr. Hernandez struck Ms. Martinez on January 22, 2014. It is unclear whether Hernandez was uninsured or underinsured. Given that Ms. Martinez alleges that he was given a ticket for not having insurance, it would appear that he was uninsured. If this was the case, Ms. Martinez was aware of this fact in March 2014, when she submitted the UM/UIM claim.

However, Ms. Martinez also alleges that she received a settlement check from American Family on behalf of Hernandez on October 23, 2017, which implies that he was underinsured, as opposed to uninsured. This does not change the Court's analysis, though, because Ms. Martinez did not receive the payment within the three years of the accident. Ms. Martinez is time-barred from seeking UM/UIM benefits from Allstate.

**E. Ms. Martinez's common law and statutory bad faith claims are likewise barred.**

Ms. Martinez's common law and statutory bad faith claims are torts subject to a two-year statute of limitations. *See Olson v. State Farm Mut. Auto. Ins. Co* ., 174 P.3d

849, 853 (Colo. App. 2007) ("All tort actions for bad faith must be commenced within two years after the cause of action accrues.") (citing Colo. Rev. Stat. § 13-80-102(1)(a)). Ms. Martinez's claims accrued when she was denied coverage in July 2014. *See Farmers Grp., Inc. v. Trimble*, 691 P.2d 1138, 1142 (Colo. 1984) (bad faith tort claim accrues upon unreasonable failure to pay claim); *Wardcraft Homes, Inc. v. Employers Mut. Cas. Co.*, 70 F. Supp. 3d 1198, 1213 (D. Colo. 2014) (claims for violation of Color. Rev. State. §§ 10–3–1115 and 10–3–1116 accrue in the same manner as bad faith claims). Accordingly, the statute of limitations expired in July 2017, well before this case was filed.

Ms. Martinez asserts that she did not receive the July 24, 2014 letter sent by Allstate to American Family Insurance until it was disclosed in 2020. *See* Dkt. #117 at 5, 9; #126 at 5–6, 12–13. In addition to being patently untrue (the letter was attached to the Amended Complaint, which Ms. Martinez filed on December 23, 2019), Ms. Martinez's argument is beside the point. She affirmatively states in her Amended Complaint that in "July 2014 I received a call from [Allstate representative] Ms. Reyes and she said they were den[y]ing my claim and not paying a dime because I was NOT in my automobile." Dkt. #9 at 6, ¶ 6. Whether or not she was aware of the Allstate letter, it undisputed that Allstate told Ms. Martinez in 2014 that her claim was denied. Therefore, her bad faith claims are untimely.

**F. Ms. Martinez's negligence claim is not legally cognizable.**

To the extent that Ms. Martinez's Amended Complaint can be construed to assert a common law negligence claim against Allstate, that claim must be dismissed. The assertion of separate and distinct claims for bad faith and negligence is inappropriate in

light of the reasonableness test for bad faith. *Bankr. Estate of Morris v. COPIC Ins. Co.*, 192 P.3d 519, 528 (Colo. App. 2008) (citing *Trimble*, 691 P.2d at 1142–43). Ms. Martinez has not identified an exception to the general rule that a "claim for simple negligence against an insurer or its agent is not recognized in Colorado." *Jordan v. City of Aurora*, 876 P.2d 38, 43 (Colo. Ct. App. 1993).

### G. Ms. Martinez fails to state a claim for civil conspiracy.

To state a claim for civil conspiracy under Colorado law, a plaintiff must allege: "(1) two or more persons, and for this purpose a corporation is a person; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful overt acts; and (5) damages as the proximate result thereof." *In re Qwest Commc'ns Int'l, Inc. Sec. Litigation*, 387 F. Supp. 2d 1130, 1153 (D. Colo. 2005) (citation omitted). A plaintiff must "allege specific facts showing agreement and concerted action among defendants." *Durre v. Dempsey*, 869 F.2d 543, 545 (10th Cir. 1989); *see also Nelson v. Elway*, 908 P.2d 102, 106 (Colo. 1995) (noting that "evidence of . . . an agreement [to form a conspiracy] must be presented by the plaintiff").

"If the acts alleged to constitute the underlying wrong provide no cause of action, then there is no cause of action for the conspiracy itself." *Double Oak Const., L.L.C. v. Cornerstone Dev. Int'l, L.L.C.*, 97 P.3d 140, 146 (Colo. App. 2003). As discussed above, Ms. Martinez has not stated an independent cause of action against Allstate. Insofar as Ms. Martinez alleges that her "many lawyers" conspired with Allstate, she does not identify those lawyers or the specific agreement(s) they came to with Allstate. She does not identify the unnamed conspirators' ultimate goals; it is unclear why any plaintiff's attorney would collude with an insurance company to deny his or her client's claim. Ms.

Martinez fails to allege any overt unlawful acts in furtherance of the conspiracy. And without alleging in the first instance the existence of any conspiracy, Ms. Martinez obviously cannot make the requisite showing that she suffered any damages as a result thereof. Therefore, this claim fails as a matter of law.

## IV. RECOMMENDATION

**WHEREFORE**, for the foregoing reasons, it is hereby **RECOMMENDED** that Defendants' Motion for Judgment on the Pleadings (Dkt. #67) be **GRANTED.**

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives _de novo_ review of the recommendation by the District Judge, _Thomas v. Arn_, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. _Makin v. Colo. Dep't of Corrections_, 183 F.3d 1205, 1210 (10th Cir. 1999); _Talley v. Hesse_, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

BY THE COURT

Date:  January 15, 2021
       Denver, Colorado

N. Reid Neureiter

N. Reid Neureiter

**ATTACHMENT 2 - ORDER ADOPTING REPORT AND RECOMMENDATION, GRANTING JUDGMENT ON THE PLEADINGS, AND DISMISSING CASE**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Daniel D. Domenico**

Civil Action No. 1:20-CV-00659-DDD-NRN

NANCY J MARTINEZ,

     Plaintiff,

v.

ALLSTATE INSURANCE COMPANY,

     Defendant.

---

**ORDER ADOPTING REPORT AND RECOMMENDATION,
GRANTING JUDGMENT ON THE PLEADINGS,
AND DISMISSING CASE**

---

*Pro se* Plaintiff Nancy Martinez brings this suit for breach of contract, fraud, and insurance bad faith stemming from a car accident that occurred on January 22, 2014. (*See* Doc. 9.) Ms. Martinez alleges that she was a pedestrian who was hit by a car driven by a non-party, and that Allstate Insurance Company was her insurer at the time and failed to pay insurance proceeds due to her because of the accident. (*Id.* at pp. 3–5.)

Allstate has moved for judgment on the pleadings, arguing that her claims fail as a matter of law or are barred by statutes of limitations. (Doc. 67.) The Court referred that motion to Magistrate Judge N. Reid Neureiter (Doc. 69), and Judge Neureiter now recommends granting the motion and dismissing this case (Doc. 140). Ms. Martinez filed timely objections to Judge Neureiter's report and recommendation and then filed a second set of objections (that appear to be largely redundant), apparently on the same day. (Docs. 152, 153.) Allstate responded to

those objections, and Ms. Martinez replied. (Docs. 158, 159.) Because Judge Neureiter's report and recommendation was a correct application of the law to the facts alleged here, the Court will overrule Ms. Martinez's objections and grant Allstate's motion.

## LEGAL STANDARD

"A *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). But the Court cannot be a *pro se* litigant's advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008). *Pro se* parties also must "follow the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is evaluated under the same standard applicable to a Rule 12(b)(6) motion to dismiss. *See Corder v. Lewis Palmer Sch. Dist. No. 38*, 566 F.3d 1219, 1223–24 (10th Cir. 2009). Therefore, in ruling on a motion for judgment on the pleadings, courts look to the specific allegations of the complaint to determine whether they plausibly support a legal claim for relief—that is, a complaint must include "enough facts to state a claim for relief that is plausible on its face." *TON Servs., Inc. v. Qwest Corp.*, 493 F.3d 1225, 1236 (10th Cir. 2007); *Alvarado v. KOB–TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007). The Court accepts as true the well-pled factual allegations of the opposing party and draws all reasonable inferences in its favor. *See Nelson v. State Farm Mut. Auto. Ins. Co.*, 419 F.3d 1117, 1119 (10th Cir. 2005).

Timely objections to a magistrate judge's recommendation on a dispositive issue require a de novo review of the objected-to issue. Fed. R.

Civ. P. 72(b)(3). Objections, however, must be "sufficiently specific to fo-
cus the district court's attention on the factual and legal issues that are
truly in dispute." *United States v. 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d
1057, 1060 (10th Cir. 1996). Insufficiently specific objections are not en-
titled to de novo review, *id.*, and the Court therefore reviews such objec-
tions only to satisfy itself that there is "no clear error on the face of the
record," Fed. R. Civ. P. 72(b) Advisory Committee Notes; *see also Sum-
mers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

## DISCUSSION

Both Allstate and Judge Neureiter construed Ms. Martinez's
amended complaint as alleging seven claims: breach of contract, com-
mon law bad faith, statutory bad faith, negligence, fraud, civil conspir-
acy, and breach of fiduciary duty. (Doc. 140 at p. 3.) Although Ms. Mar-
tinez appears to have argued in briefing that she has not brought some
of those claims in her complaint, Judge Neureiter evaluated those claims
in an abundance of caution. (*See id.*)

Judge Neureiter recommends dismissing each claim as follows:

- Fraud: Ms. Martinez's conclusory allegations that her insur-
  ance broker coerced her to lower her insurance limits fail to
  meet the standard for pleading a fraud claim against Allstate
  under Federal Rule of Civil Procedure 9(b). The claim is alter-
  natively barred by Colorado's three-year statute of limitations,
  Colo. Rev. Stat. § 13-80-101(1)(c), because the alleged fraud
  took place in 2011, the accident and denial of benefits occurred
  in 2014, and Ms. Martinez did not file suit until October 2019.

- Fiduciary Duty: There is no fiduciary relationship between an
  insured and insurer in a first-party context, so Ms. Martinez's

claim, to the extent she alleges such a claim, fails as a matter of law.

- Breach of Contract: An insured generally must file a claim for underinsured/uninsured motorist coverage within three years after the cause of action accrues, which is typically the time of the accident. *See* Colo. Rev. Stat. 13-80-107.5(3) (cause of action accrues after injury occurs and insured knew or should have known cause of injury). That statute of limitations may be extended to two years after the insured "received payment of the settlement" from the tortfeasor, but *only if* the plaintiff preserved the claim, either by filing a lawsuit against the underinsured motorist or by "receiving payment of . . . the liability claim settlement" within three years of the accrual of the underinsured motorist claim. Colo Rev. Stat. 13-80-107.5(1); *Stoesz v. State Farm Mut. Auto. Ins. Co.*, 401 P.3d 583, 586 (Colo. App. 2015) (where plaintiff never filed suit against underinsured motorist, preservation of underinsured motorist claim depended on whether "payment" of "the liability claim settlement" occurred within three-year limitations period). The accident here occurred on January 22, 2014. Ms. Martinez alleges that Allstate denied her claim in July 2014. And Ms. Martinez alleges that she received a settlement payment from the tortfeasor's insurance company on October 23, 2017. Because Ms. Martinez did not file this suit within three years of her breach-of-contract claim accruing, and because she did not preserve the claim by receiving a liability settlement within three years of that accrual, her claim is barred by the statute of limitations.

- Common Law and Bad Faith Insurance Claims: Ms. Martinez brought this suit more than two years after Allstate denied her claims, so her claim is barred by the statute of limitations for such claims. Colo. Rev. Stat. § 13-80-102(1)(a).

- Negligence: Assertion of a separate negligence claim in addition to a bad faith insurance claim is inappropriate in light of the reasonableness test for a bad faith claim.

- Civil Conspiracy: Because civil conspiracy requires an underlying predicate claim, and because Ms. Martinez's other claims all fail, her claim for civil conspiracy must fail too.

(Doc. 140 at pp. 5–12.)

In response, Ms. Martinez filed dozens of pages of objections to Judge Neureiter's report and recommendation. The Court has reviewed Ms. Martinez's general objections that are either conclusory, non-specific, or irrelevant to the resolution of Ms. Martinez's claims and evaluated Judge Neureiter's report and recommendation to confirm that there is no clear error on the face of the record. For instance, Ms. Martinez argues, generally, that there are material facts in dispute and that her claims cannot be adjudicated on a Federal Rule of Civil Procedure 12(b)(6) or 12(c) standard. But Judge Neureiter based his report and recommendation solely on the facts as alleged in the operative complaint, as is appropriate for a Rule 12(c) motion. Ms. Martinez also fails to discuss much, if any, of the cases supporting Judge Neureiter's report and recommendation, arguing that she need not do so due to her *pro se* status. (*See* Doc. 152 at pp. 11–12.) But while the Court construes Ms. Martinez's pleadings more liberally, that does not excuse her from failing to rebut the legal arguments presented by Allstate. She also objects to the "illegal" removal of this case made by attorneys who purportedly

had not entered an appearance for Allstate. But Ms. Martinez's allega-
tions are belied by the fact that this case was properly and timely re-
moved by Allstate's attorneys who have entered appearances on its be-
half. She also argues that the motion for judgment on the pleadings was
untimely, but she appears to confuse the deadline for Rule 12(b) motions
with Rule 12(c) motions. The latter category may be filed after the plead-
ings are closed and early enough not to delay trial. Because the plead-
ings are closed and trial has not been set in this case, the motion was
timely. These general objections are therefore overruled.

Ms. Martinez also raises objections that the Court liberally construes
as specific enough to warrant de novo review. But they are unpersuasive
even under that standard.

*1. Fraud Claim:* Ms. Martinez argues that she will be able to plead
the fraud once discovery reveals more facts. (*See id.* at p. 20.) But that
puts the cart ahead of the horse: Ms. Martinez must first allege, with
particularity, her claim pursuant to Federal Rule of Civil Procedure 9(b).
And what she has alleged both fails to meet the particularity standard
and confirms that her claim is time-barred. Ms. Martinez alleges that a
non-party to this case, Paul Novak, fraudulently convinced her to reduce
her liability limits or forfeit an umbrella policy she had with Allstate.
But Ms. Martinez has failed to allege any false statement made by
Mr. Novak to her, and her allegations that there was any agency rela-
tionship between Mr. Novak and Allstate (such that Allstate could be
legally liable for his actions) are conclusory. In any event, what Ms. Mar-
tinez has alleged confirms that her fraud claim is time-barred. The al-
leged fraud took place in 2011. (Doc. 9 at p. 7.) She knew or should have
known of the fraud when she filed her claim in March 2014 or no later
than when Allstate denied her claim later that year. (*Id.* at p. 6 ¶ 6.) All
of these events (which are specifically alleged in the operative

complaint) occurred more than three years before this suit was filed in
October 2019. So Ms. Martinez's fraud claim must fail.

*2. Breach of Contract and Bad Faith Claims:* Ms. Martinez appears
to dispute Judge Neureiter's analysis of the relevant statutes of limita-
tions for her breach-of-contract and bad-faith claims. She argues that
she received her settlement check on October 23, 2017 and filed this
lawsuit within two years of that date, therefore complying with the stat-
ute of limitations applicable to her breach-of-contract claim. But that
two-year extension only applies if that check is received within three
years of the accrual of the underinsured motorist claim. As Judge Neu-
reiter explained, that claim accrued, at the latest, when her claim was
denied in July 2014, more than three years before she alleges that she
received her settlement check in October 2017. The breach-of-contract
claim is therefore time-barred under the facts as alleged. To the extent
Ms. Martinez has objected to the time-bar analysis of her bad-faith
claims, they too are unpersuasive because those claims accrued in
March 2014 or July 2014 when, as she alleges, Allstate denied all of her
claims.

*3. Fiduciary Duty Claim*: Ms. Martinez makes general objections
that Judge Neureiter failed to limit his evaluation of this claim to the
pleadings. But Judge Neureiter found that Ms. Martinez has failed to
make any allegations that could support such a claim against Allstate.
Ms. Martinez has failed to allege any fiduciary relationship between her
and Allstate and has failed to address cases holding that there cannot
be such a relationship in this context. *See Brodeur v. Am. Home Assur-
ance Co.*, 169 P.3d 139, 152 (Colo. 2007). So this claim, too, fails.

*4. Negligence and Civil Conspiracy Claims*: Ms. Martinez has not
made specific objections to Judge Neureiter's analysis of the negligence

claim. She has not addressed the fact that her negligence claim is not cognizable. And as to the civil-conspiracy claim, she has not addressed her failure to allege an underlying predicate claim to support it. Her continued objections about Mr. Novak, her former insurance agent, are unpersuasive as addressed above and cannot overcome this failure.

This *de novo* review of Ms. Martinez's more specific objections confirms that Judge Neureiter correctly applied the law to Ms. Martinez's allegations. None of Ms. Martinez's objections are persuasive, and the Court will adopt Judge Neureiter's report and recommendation and dismiss this case.

## CONCLUSION

Judge Neureiter's Report and Recommendation (Doc. 140) is ACCEPTED and ADOPTED;

Allstate's Motion for Judgment on the Pleadings (Doc. 67) is GRANTED, and this case is DISMISSED; and

Ms. Martinez's Objection (Doc. 161) to Judge Neureiter's Order (Doc. 160) denying without prejudice her motion to compel is OVERRULED AS MOOT, and her request for a hearing is DENIED.

DATED: September 30, 2021                    BY THE COURT:

Hon. Daniel D. Domenico

**ATTACHMENT 3** - **FINAL JUDGMENT**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-00659-DDD-NRN

NANCY J. MARTINEZ,

      Plaintiff,

v.

ALLSTATE INSURANCE COMPANY,

      Defendant.

---

## FINAL JUDGMENT

---

      In accordance with orders filed during the pendency of this case, and pursuant to Fed. R.

Civ. P 58(a) the following Final Judgment is hereby entered.

Pursuant to the Order by Judge Daniel D. Domenico (**Doc. #164**) filed on September 30, 2021,

ADOPTING the Report and Recommendation of the Magistrate Judge (**Doc. #140**) to

grant the defendant's Motion for Judgment on the Pleadings, it is

      ORDERED that judgment is entered in favor of defendant Allstate Insurance Company

and against plaintiff Nancy J. Martinez in accordance with **Doc. 164.**

      The case is closed.

      DATED this 30th day of September, 2021.

                    ENTERED FOR THE COURT:
                    JEFFREY P. COLWELL, CLERK

                    s/P. Glover_____
                      Deputy Clerk